Original,
No. 5437.

### Broderick's Case.

Argued December 8, 1965.
Decided December 30, 1965.

*Maurice A. Broderick* (orally), *pro se.*

*William Maynard,* Attorney General (orally), for the State.

*Fred W. Hall, Jr.,* President of the Bar Association of New Hampshire (orally), as *amicus curiae.*

Lampron, J. On June 5, 1962, the petitioner was "suspended from the practice of law until further order of this court." *Broderick's Case,* 104 N. H. 175. The reasons for this action are

found in that opinion. The purpose of the suspension was to assure the public and the bar that "the practice of law is a profession which demands that its members adhere to fiduciary standards of conduct and that the failure to do so will result in expeditious disciplinary action." *Id.,* 179. Such action is also intended to produce the reformation of the offender. See Annot. 70 A.L.R. 2d 268, 273.

Consequently on a petition for reinstatement it is the duty of this court "to act with justice to the profession and the public, as well as to the applicant." See Annot. 70 A.L.R. 2d, *supra,* 282. The main issues to be determined are whether the disciplinary punishment heretofore meted out to the petitioner has served its purpose and whether the interests of the public and of the bar of this state will be conserved if the petitioner is reinstated to the practice of law. *Hobbs' Case,* 75 N. H. 285, 287; *In re Keenan,* 314 Mass. 544, 547; *In the Matter of Howard K. Simmons,* 191 A. 2d 350 (R. I. 1963).

The following factors, among others, are to be considered in determining his present fitness for reinstatement. The petitioner's professional and personal reputation was good prior to the transactions which caused his suspension. The petitioner has not "benefited financially" from these transactions but returned certain checks which he had received and gave up any claim thereto. *Broderick's Case,* 104 N. H. 175, 178; *Commonwealth* v. *Kiernan,* 201 N. E. 2d 504, 513 (Mass. 1964). Furthermore although indictments were returned against many of the other participants with subsequent trials, convictions, and imprisonments, no criminal prosecution was ever instituted against the petitioner.

He has done nothing since his suspension "that brings any discredit upon him." On the contrary he has engaged in civic endeavors, and was elected as a member of the Legislature where he served "in a commendable way in the Judiciary Committee." As a member of that committee he worked closely with the office of the Attorney General who thought "he did an excellent job" as a member of that committee. He is now engaged in employment of an unquestionable nature. Certain members of the bar have urged his reinstatement. Although not representing a unanimous membership, the President of the Bar Association of the State of New Hampshire stated that while the Association was not sponsoring the petition for reinstatement it did not appear in opposition.

After a careful consideration of all the pertinent factors, we are of the opinion that the suspension of Maurice A. Broderick for a period of three and one-half years has served its purpose and that his return to the practice of law will not be against the public interest or that of the legal profession. It is therefore ordered that he be reinstated as a member of the bar of the State of New Hampshire effective January 4, 1966.

*Petition granted.*

All concurred.